# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES BRYANT,

            Plaintiff,

vs.

UNIVERSITY MEDICAL CENTER, *et al.*,

            Defendants.

Case No. 2:11-cv-00294-RLH-GWF

**ORDER**

Application to Proceed
*In Forma Pauperis* (#1)

      This matter is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* (#1), filed April 23, 2011, and the attached Civil Rights Complaint pursuant to 42 U.S.C. § 1983.

## DISCUSSION

### I.   *In Forma Pauperis* Application

      Plaintiff James Bryant filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee and Plaintiff's request to proceed *in forma pauperis* will be granted.

### II.   **Screening the Complaint**

      Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff

can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**A.  Background**

Plaintiff alleges that he is disabled and is in the process of applying for social security disability benefits. (#1-1 at 4). He states that he is currently unable to pay for medical services. (*Id.*) As a result, Plaintiff obtains medical vouchers from Clark County Social Services to receive medical attention at University Medical Center, Lied Clinic and Quick Care centers. (*Id.*) Plaintiff alleges that he has asked personnel at these medical centers to assist him in filling out disability benefit paperwork. (*Id.* at 5). According to the complaint, unidentified people at the medical centers informed Bryant that they are not certified, trained disability examiners and were not able to assist him in filling out the disability benefit paperwork. (*Id.*)

Based on these factual allegations, Plaintiff filed a claim under 42 U.S.C. § 1983 and § 1985 against the medical centers and medical personnel alleging violation of his 14th amendment equal protection rights when they allegedly discriminated against him as a disabled person.

**B.  14th Amendment Claim**

To have a claim under § 1983 and § 1985, a plaintiff must plead that the named defendants (1) acted "under color of state law" and (2) deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Once the plaintiff alleges that his or her federal rights have been violated, then a

2

plaintiff must show that those rights were violated by a person acting under color of state law.

In this instance, Plaintiff alleges that his equal protection rights were violated by the defendant medical providers. He contends that the medical centers and medical personnel discriminated against him as a disabled individual when they refused to fill out his medical disability paperwork. (#1-1 at 5). He has not, however, demonstrated that he has a constitutional right to receive assistance in filling out disability paperwork or perform a disability examination.[1] In addition, Plaintiff has not alleged that this right to assistance in obtaining disability benefits is being provided to some patients and denied to Plaintiff because he is allegedly disabled. As a result, Plaintiff has failed to allege a violation of a constitutional right.

### C. Statutory Claim

It is not clear from the complaint whether Plaintiff is additionally alleging that the medical providers had a statutory duty to assist him in filling out the disability medical forms or conducting a disability evaluation. To the extent that Plaintiff is able to identify a statutory duty that the medical provider defendants violated in failing to assist him in the filling out medical forms or performing a disability examination, the Court will grant Plaintiff leave to amend his complaint.

Upon screening of the complaint as required by 28 U.S.C. § 1915(e), the Court finds that Plaintiff has failed to state a claim upon which relief may be granted. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) is **granted**.

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

. . .

---

[1] Medical evaluations related to disability claims are traditionally performed by medical examiners employed the Social Security Administration, not private physicians.

1 **IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1).

**IT IS FURTHER ORDERED** that Plaintiff's Complaint shall be **dismissed without prejudice** for failure to state a claim upon which relief can be granted. Plaintiff shall have until **June 30, 2011** to file an amended complaint if he believes he can cure the deficiencies identified in his complaint. Failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

DATED this 1st day of June, 2011.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE